B. GROOM *v.* T. B. OLDHAM & ELLISON AND J. BARNES WHITE & CO.

**Trial—Findings of Court—Effect.**

Where the issues in two cases do not come within equitable jurisdiction, an agreement to transfer the cases to a court of equity amounts to an agreement to submit the law and facts of the case to the judge without a jury, and the finding of the judge has the force and effect of a verdict.

**Action—Consolidation—Evidence.**

The consolidation of several causes of action authorizes the court to consider all the testimony that is competent in either case.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 19, 1873.

Opinion by Judge Lindsay:

The only reason why the two ordinary actions against the appellant were transferred to equity was that Barnes White and Company were prosecuting an equity suit against Oldham to subject his claims against Groom to the payment of a debt due to them. Oldham, upon the record, relinquished the benefit of his claims to Barnes White & Company, and his assignee in bankruptcy also disclaimed any interest in them.

The effect of this was to substitute Barnes White & Co. to the rights of Oldham and to leave their controversy with Groom without even the shadow of an equitable issue. As a matter of law in so far as the litigation with Groom is concerned, there never was a question or issue raised which would give a court of equity the slightest pretext for assuming jurisdiction of the litigation. In view of these facts the agreement to transfer the two actions to equity was in effect an agreement to submit the law and facts of the two ordinary actions to the decision of the judge without the intervention of a jury, and his finding must be treated as the verdict of a jury.

The evidence as to the contracts between Groom and Gillispie & Oldham for the purchase of the horses is conflicting, and the judgment of the special judge can not be regarded as palpably against the weight of it.

We conceive that it was not erroneous to consider the last deposition given by Oldham; he was no longer a party to the record and had no interest in the controversy.

It was not erroneous to consider the testimony of the deceased witness, Taylor, as set out in the bill of exceptions heretofore made up in one of these actions. *O'Brien v. Commonwealth*, 6 Bush 563. The contract of sale of the three horses was essentially one and the same. The testimony of Taylor necessarily applied to the certain transaction. He was cross-examined by Groom. The two causes had long been treated by all the litigants as one and the same, and the judgment of the special chancellor recites that the three actions of *Oldham v. Groom, Oldham & Gillispie v. Groom,* and *Barnes White & Co. v. Oldham, etc.,* were consolidated and by

consent heard together. This recital must be taken as true. The consolidation of the three causes authorized the court to consider all the testimony that was competent in either.

For these reasons the judgment must be *affirmed*.

*Apperson & Reid, for appellant.*

*Holt, for appellee.*